**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ALREE SWEAT III,
JENNIFER M. MADDOX,

Plaintiffs,

v. No. CV 14-0227 MCA/WPL

CHIEF OF POLICE,
DET. JOHN DOE, DEMING POLICE,
CITY OF LAS CRUCES,
DET. MIKE RICHARDS,
LUNA COUNTY,
CONRAD PEREA, et al.,

Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of Plaintiffs' Tort Claim (the "complaint"). Plaintiffs filed the complaint in the New Mexico Third Judicial District Court on January 15, 2014, and Defendants removed it to this Court on March 10, 2014. Although Defendants' notice of removal states, "Pursuant to D.N.M.LR-Civ. 81.1, Defendant shall provide copies of records and proceedings from the state court action within 30 days of the filing of this Notice of Removal," no such records are reflected on the docket. The record does not indicate whether Plaintiffs were found indigent by the state court; Plaintiff Sweat is incarcerated and appears pro se. For reasons set out below, Plaintiffs' complaint will be dismissed.

The complaint alleges that Plaintiffs were stopped by an officer of the Deming, New Mexico, police department pursuant to a bench warrant for Plaintiff Sweat's arrest issued by Defendant Perea. A number of police cars surrounded Plaintiffs' vehicle, and Plaintiffs were then ordered out at gunpoint. Plaintiff Sweat was taken to the police station. An allegedly illegal

search warrant was served by Defendant John Doe of LCPD and executed by Defendant Deming Police Officer John Doe, and Sweat gave a DNA sample. He was then taken to the Luna County Detention Center, detained for five days without an initial appearance on the charges, and released. These events caused him to lose his job.

Later, at an initial hearing, Defendant Detective Richards did not appear to testify, and Defendant Perea dismissed the charges against Plaintiff Sweat. The complaint also alleges that the chiefs of police in Deming and Las Cruces failed to adequately train their officers. Defendant Deming County Jail allegedly failed to follow state procedural rules for treatment of detainees. Plaintiffs contend that Defendants' actions violated a number federal and state constitutional, statutory, and common law protections. The complaint seeks damages and certain equitable relief.

As noted above, Plaintiffs filed this complaint in the New Mexico Third Judicial District Court on January 15, 2014. The week before, on January 9, 2014, Plaintiffs had filed in this Court a complaint entitled "U.S.C. 1981, 1982, 1985 and 1984 Tort Claim" in *Sweat, et al. v. Judge Conrad Perea, et al*, No. CV 14-0034 LH/LAM. Defendants in the state court action then removed the instant complaint to this Court. Although the two complaints are not identical in form, they name the same parties and assert constitutional deprivations resulting from the same alleged events and conduct by Defendants.

Plaintiffs' complaint will be dismissed under the doctrine that prohibits splitting of a plaintiff's claims.

> District courts have discretion to control their dockets by dismissing duplicative cases. 'As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.' Long ago, the Supreme Court captured the general principle regarding claim-splitting: '[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the

> same defendant at the same time.' We have noted that 'more recent cases analyze claim-splitting as an aspect of res judicata.' 'A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions.'
>
> . . . .
>
> [T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit. This makes sense, given that the claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation.
>
> . . . .
>
> A dismissal on res judicata grounds can stop a case in its tracks; a plaintiff is precluded from asserting a claim. . . . But with a dismissal on claim-splitting grounds, by its nature, the dismissed party is involved in another pending suit regarding the same subject matter against the same defendants.

*Katz v. Gerardi*, 655 F.3d 1212, 1217-19 (10th Cir. 2011) (internal citations omitted). *Cf. Kanciper v. Suffolk County Soc. for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 92 (2d Cir. 2013) (distinguishing situation where parallel state court case remains pending). The Court has reviewed Plaintiffs' two complaints and finds them duplicative. Under the analysis in *Katz*, the Court will dismiss the complaint in this action without prejudice to Plaintiffs' right to pursue claims in the earlier filed case.

IT IS THEREFORE ORDERED that Plaintiffs' complaint in this action is DISMISSED without prejudice; and judgment will be entered.

UNITED STATES DISTRICT JUDGE